**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 12-01576 (SMB) |
| v. | |
| BNP PARIBAS S.A., BNP PARIBAS ARBITRAGE SNC, BNP PARIBAS BANK & TRUST (CAYMAN) LIMITED, and BNP PARIBAS SECURITIES SERVICES S.A., | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S
## MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

RELEVANT BACKGROUND ......................................................................................................3

ARGUMENT .................................................................................................................................8

A.    The Limited Document Requests Seek Relevant and Important Information ....................8

B.    The Documents Sought Are Proportional to the Needs of the Case .................................10

C.    The Limited Document Requests Are Timely .................................................................12

      1.    The Trustee Properly Filed the Amended Complaint .............................................13

      2.    Defendants' Second Motion to Dismiss Does Not Stay Discovery .......................14

D.    Balancing the Equities Weighs in Favor of Compelling Discovery .................................15

CONCLUSION .............................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Albert v. Starbucks Coffee Co.*,
  213 F. App'x 1 (D.C. Cir. Jan. 3, 2007) ................................................................12

*Anwar v. Fairfield Greenwich Ltd.*,
  728 F. Supp. 2d 372 (S.D.N.Y. 2010).................................................................14

*Ass'n Fe Y Allegria v. Rep. of Ecuador*,
  98-cv-8650 (BSJ), 98-cv-8693 (BSJ), 1999 WL 147716 (S.D.N.Y. Mar. 16,
  1999) ................................................................................................................16

*Brooks v. Macy's, Inc.*,
  10-cv-5304 (BSJ) (HBP), 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010) ..............14

*City of New York v. YRC Worldwide Inc.*,
  14-cv-4322 (FB) (RLM), 2015 U.S. Dist. LEXIS 961 (E.D.N.Y. Jan. 6, 2015) ......12

*Durling v. Papa John's Int'l, Inc.*,
  16-cv-3592 (CS) (JCM), 2018 WL 557915 (S.D.N.Y. Jan. 24, 2018) ....................9

*Greater New York Taxi Ass'n v. City of New York*,
  13-cv-3089 (VSB) (JCF), 2017 WL 4012051 (S.D.N.Y. Sept. 11, 2017)..............11

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
  12-cv-5067 (JFK) (JLC), 12-cv-7319 (JFK) (JLC), 2017 WL 4676806
  (S.D.N.Y. Oct. 17, 2017) ...............................................................................9, 15

*J.P. Morgan Sec. LLC v. Mariano*,
  17-cv-1080 (GBD) (SDA), 2018 WL 522339 (S.D.N.Y. Jan. 22, 2018) ...............16

*Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*,
  14-cv-3307 (ADS) (AKT), 2015 WL 7756122 (E.D.N.Y. Dec. 1, 2015) ...............15

*Mirra v. Jordan*,
  13-cv-5519 (AT) (KNF), 2015 WL 8526550 (S.D.N.Y. Dec. 7, 2015) ...................9

*Partell v. Fidelity Nat'l Title Ins. Servs.*,
  12-cv-376S, 2012 WL 5288754 (W.D.N.Y. Oct. 24, 2012)...................................13

*Picard v. Bureau of Labor Ins. (SIPC v. BLMIS)*,
  Adv. Pro. No. 11-2732 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22,
  2016) ........................................................................................................ 2-3, 13

*Picard v. Ceretti (In re BLMIS)*,
    Adv. Pro. No. 09-1161 (SMB), 2015 WL 4734749 (Bankr. S.D.N.Y. Aug. 11,
    2015) ...........................................................................................................................14

*Picard v. Cohmad Sec. Corp. (In re BLMIS)*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) .....................................................................15

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011) ................................................................................14

*Picard v. Legacy Capital Ltd. (In re BLMIS)*,
    548 B.R. 13 (Bankr. S.D.N.Y. 2016) .......................................................................14

*Picard v. Merkin (In re BLMIS)*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) .....................................................................14

*Picard v. Roman (SIPC v. BLMIS)*,
    Adv. Pro. No. 10-4292 (SMB), 2017 WL 4685525 (Bankr. S.D.N.Y. Oct. 17,
    2017) .............................................................................................................................9

*Rivera v. Inc. Vill. of Farmingdale*,
    06-cv-2613 (DRH) (ARL), 2007 WL 3047089 (E.D.N.Y. Oct. 17, 2007).......................11, 14

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
    14-cv-4394 (AJN) (BCM), 2016 WL 4613390 (S.D.N.Y. Aug. 31, 2016) .............................8

*State Farm Mut. Auto. Ins. Co. v. Fayda*,
    14-cv-9792 (WHP) (JCF), 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) .............................15

*XChange Telecom Corp. v. Sprint Spectrum L.P.*,
    14-cv-54 (GLS) (CFH), 2015 WL 773752 (N.D.N.Y. Feb. 24, 2015) ...................................12

*Zabielski-Schroeder v. Menard, Inc.*,
    13-cv-451 (RLM) (JEM), 2014 WL 3084725 (N.D. Ind. July 7, 2014) .................................11

**Rules**

Fed. R. Bankr. P. 2004 ........................................................................................................6

Fed. R. Bankr. P. 7026 ........................................................................................................8

Fed. R. Bankr. P. 7034 ........................................................................................................8

Fed. R. Civ. P. 12 ...............................................................................................................11

Fed. R. Civ. P. 26 ...........................................................................................................8, 11

Fed. R. Civ. P. 26(b) ...........................................................................................................8

iii

Fed. R. Civ. P. 26(b)(1)..................................................................................................8, 10

Fed. R. Civ. P. 26(f)..................................................................................................... *passim*

Fed. R. Civ. P. 26(f)(1) .......................................................................................................11

Fed. R. Civ. P. 34...........................................................................................................1, 4, 8

Fed. R. Civ. P. 37.............................................................................................................1, 8

Fed. R. Civ. P. 37(a)(1).........................................................................................................8

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion under Rule 37 of the Federal Rules of Civil Procedure (the "Rules") (made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")) for entry of an order compelling defendants BNP Paribas S.A. ("BNP Paribas"), BNP Paribas Arbitrage SNC ("BNP Arbitrage"), BNP Paribas Securities Services S.A. ("BNP Securities Services"), and BNP Paribas Bank and Trust (Cayman) Limited ("BNP Cayman") (collectively, "Defendants") to produce and/or permit inspection and copying of documents responsive to certain of the Rule 34 requests (the "Requests") served upon Defendants in connection with this adversary proceeding.[1]

## PRELIMINARY STATEMENT

Since the filing of this adversary proceeding on May 4, 2012, Defendants have enjoyed a *de facto* discovery stay, during which time they have produced zero documents, answered zero interrogatories, and offered zero witnesses for depositions.  Now that this proceeding is moving forward, Defendants are stonewalling the Trustee's current discovery efforts.  Defendants have repeatedly indicated over the past three months—in letters and emails to the Trustee, during the conference before the Court, and during the parties' Rule 26(f) conference—that they will not engage in discovery without a court order.  Defendants steadfastly refuse based on the pretext that discovery is "premature" because they believe that the amended complaint is not properly before

---

[1] Unless otherwise defined herein, terms shall have the meaning ascribed to them in the Trustee's amended complaint, filed on August 30, 2017.  ECF 100 ("Am. Compl.").

1

the Court and that their second motion to dismiss should stay discovery.  Both arguments are unavailing.

First, the amended complaint is properly before the Court.  The initial complaint survived Defendants' first motion to dismiss.  In the normal course, this Court then explicitly granted the Trustee leave to amend his claims in this adversary proceeding.  Pursuant to that ruling, the Trustee properly filed his amended complaint, which contains particularized allegations of Defendants' willful blindness.  The amended complaint removes claims that were dismissed by Defendants' first motion to dismiss, contains allegations and claims that were not dismissed, and adds claims that relate back to the initial complaint.  Defendants responded to the amended complaint with a second motion to dismiss.  The Trustee thereafter provided the Requests to Defendants and asked to schedule a Rule 26(f) conference.  On January 23, 2018, this Court deemed the Requests served and ordered the parties to meet and confer under Rule 26(f), which they have now done.  The parties should now engage in discovery.

Second, there is no stay of discovery in this proceeding, nor are there grounds for one simply because of Defendants' second motion to dismiss.  Motions to dismiss do <u>not</u> automatically stay discovery.  As the Trustee laid out in his opposition brief to the motion to dismiss, Defendants' arguments lack merit.  Given the Trustee's particularized factual allegations in the amended complaint and this Court's and other courts' rulings on similar motions, Defendants cannot make a compelling showing why discovery should be stayed.

To be sure, there is nothing "premature" about the Requests.  The Trustee has been waiting almost six years to begin discovery in this adversary proceeding, in which he seeks to recover $156 million in subsequent transfers to Defendants[2] on the grounds they turned a blind eye to the historic

---

[2] Defendants in fact received in excess of $1.3 billion in transfers; however, the Court dismissed transfers from Harley, Fairfield Sentry, and Kingate solely on comity grounds. *See Picard v.*

fraud at BLMIS for nearly a decade. Despite all this, Defendants refuse to engage in discovery and have indicated they will continue to not produce documents absent a court order. They initially rejected multiple invitations from the Trustee to meet and confer so the parties could try to resolve this dispute. And when this Court compelled them to meet with the Trustee, Defendants refused to offer any compromise other than a full stay of discovery and failed to explain why they believed the Requests are unduly burdensome, despite the Court's direction to substantiate their purported burden. In short, Defendants have failed to act in good faith. Given all this, the Trustee respectfully requests that the Court compel Defendants to produce documents responsive to the Trustee's Limited Document Requests (defined herein).[3]

## RELEVANT BACKGROUND

This case has proceeded for nearly six years without discovery. Declaration of Jonathan A. Forman ("Forman Decl."), ¶ 31. During this time, Defendants moved to withdraw the reference and then moved to dismiss on the basis of extraterritoriality. Forman Decl. at ¶¶ 4, 8. After several years of Defendant-driven detours, the Trustee filed an amended complaint on August 30, 2017, to include, among other things, allegations (i) relating to the domestic nature of the transfers, (ii) to address the new pleading standards created by the District Court, (iii) to eliminate those claims the Court dismissed, and (iv) to plead additional transfers that relate back to the initial complaint. Forman Decl. at ¶¶ 9-11; *see generally* Am. Compl.

---

*Bureau of Labor Ins. (SIPC v. BLMIS)*, Adv. Pro. No. 11-2732 (SMB), 2016 WL 6900689, at *15-16 (Bankr. S.D.N.Y. Nov. 22, 2016) ("*Comity Decision*"). The Trustee is appealing that issue. *See* Am. Compl. at 4 n.1. Discovery on the events and conduct concerning those dismissed claims are relevant for the purposes of demonstrating Defendants' willful blindness.

[3] At this time, as a good-faith attempt to address Defendants' general concerns and objections, the Trustee is seeking to compel Defendants to produce a subset of documents in response to the Requests. The Trustee notes, however, that contrary to Defendants' arguments, the Requests seek relevant information proportional to the needs of this case. The Trustee reserves his right to reassert the balance of the Requests and pursue full discovery at a later point.

The Trustee sought to initiate discovery on October 27, 2017, (Forman Decl., Ex. A), two days after Defendants filed their second motion to dismiss. Forman Decl. at ¶ 12. The Trustee requested the parties schedule a Rule 26(f) conference during the week of November 13, 2017, to agree on a proposed discovery plan. Forman Decl., Ex. A. To aid that process, the Trustee provided the Requests for each Defendant pursuant to Rule 34. Forman Decl., Exs. B-E. The Trustee tailored the Requests in both scope and number to target relevant information with respect to the claims and defenses of the case. Forman Decl. at ¶ 14; *see* Forman Decl., Exs. B-E. The Trustee also provided a list of individuals who were involved with Defendants' BLMIS-related business activities (the "Employee List") and requested that Defendants identify whether those individuals are still employed by Defendants or any of their affiliates or are otherwise represented by Defendants' counsel. Forman Decl., Exs. A & F.

Defendants responded on November 13, 2017, refusing to schedule the mandatory Rule 26(f) conference because it was "premature," the Requests were "extremely broad," and "no further discovery should take place in this matter until after the Court has decided the pending motion to dismiss the amended complaint in this action." Forman Decl., Ex. H. The Trustee wrote again on November 16, 2017, asking Defendants to reconsider. Forman Decl., Ex. I. The Trustee reminded Defendants of their obligation to meet and confer with the Trustee because discovery is not automatically stayed upon the filing of a motion to dismiss. *Id.* To address Defendants' objections, the Trustee also expressed that he was "willing to discuss narrowing the scope and staging of these requests during a meet and confer." *Id.* Two weeks later, on November 28, 2017, Defendants responded and again refused to participate in a Rule 26(f) conference or otherwise meet and confer with the Trustee because it would be "premature" and "futile." Forman Decl., Ex. J.

4

Defendants' refusals forced the Trustee to seek the Court's assistance. On December 21, 2017, after he filed his opposition to Defendants' motion to dismiss, the Trustee asked the Court to direct Defendants to participate in a Rule 26(f) conference. Forman Decl., Ex. K. The Trustee explained that the Rules and the rules of this Court require Defendants to hold such a conference with the Trustee to plan discovery and case administration. *Id.*[4]

Defendants wrote to the Court on December 27, 2017, indicating they "intend[ed] to file a motion to stay discovery in short order" and asking the Court to "refrain from scheduling an informal conference concerning this matter until the motion to stay discovery is briefed." Forman Decl., Ex. L. The Court declined Defendants' request and scheduled a conference for January 23, 2018. Forman Decl. at ¶ 22.

During the conference, the Trustee explained that the parties were at a standstill because Defendants refused to participate in a Rule 26(f) conference. Forman Decl., Ex. M at 4:8-13. After hearing Defendants' general arguments for a discovery stay, the Court deemed the Requests served and directed the parties to "have the conference." *Id.* at 9:10-15. Recognizing Defendants' position is that "they're not going to produce the discovery," the Court made clear that, if the parties were unable to resolve the discovery dispute, the "<u>only way</u> that this is going to move along" would be for the Trustee to move to compel discovery. *Id.* at 8:16-19, 9:14-18 (emphasis added).

That afternoon, the Trustee wrote Defendants to schedule an in-person meeting. Forman Decl., Ex. N. Defendants responded that they were available for a phone call the following week. *Id.* Despite the Court's directive, Defendants took the untenable position they did "not view such a conference as triggering any other discovery obligations under the Rules." *Id.* The parties

---

[4] To avoid unnecessarily burdening the Court with this dispute, the Trustee also indicated his consent to submitting it to the Court-appointed Discovery Arbitrator. *Id.*

eventually met and conferred at the office of Defendants' counsel on January 30, 2018. Forman Decl. at ¶ 25.

During this Rule 26(f) conference, Defendants maintained their position that discovery should not proceed because the Requests were premature, overbroad, and unduly burdensome. Forman Decl. at ¶ 26. When the Trustee asked Defendants to elaborate on their objections, they responded that they are foreign entities with information subject to foreign data privacy laws.[5] Forman Decl. at ¶ 27. Defendants did not particularize their objections further and did not specify their efforts to preserve relevant information. Forman Decl. at ¶ 27. When the Trustee asked Defendants whether they were willing to produce documents in response to any of the Requests, Defendants responded they were not willing to do so based on the same boilerplate objections— namely, their belief that the Requests were all premature, overbroad, and unduly burdensome. Forman Decl. at ¶ 27. Defendants did not offer any compromise on resolving the dispute without judicial intervention. Forman Decl. at ¶ 26.

In a good-faith effort to address Defendants' general objections so as to avoid unnecessary motion practice, the Trustee proposed that the parties engage in limited document discovery. Forman Decl. at ¶ 28. In particular, the Trustee proposed that Defendants produce documents located in, or accessible from, the United States and responsive to only 29 of the 86 document

---

[5] Defendants made these representations even though three of them maintain an office in New York and all four of them operated their BLMIS-related business through this office. Am. Compl. ¶¶ 52-55, 59, 63, 65, 71; *see* Trustee's Motion to Dismiss Opposition Brief ("MTD Opp. Br.") (ECF 110) at 28-29. Moreover, these so-called limitations did not prevent BNP Paribas in 2009 and 2010 from making a limited production from two of its U.S. branch offices relating to two BLMIS accounts it serviced in response to the Trustee's Bankruptcy Rule 2004 subpoena. Forman Decl. at ¶ 31. The discovery that BNP Paribas provided in response to the Trustee's Bankruptcy Rule 2004 subpoena is not "substantial," as Defendants have claimed. Forman Decl., Ex. H. Defendants did not provide any written discovery or depositions. The limited documents that BNP Paribas produced included very few emails, and did not include the credit facility agreements for any of the BLMIS Feeder Funds or other documents that are central to the Trustee's claims here. Forman Decl. at ¶ 31.

requests (the "Limited Document Requests").  Forman Decl. at ¶ 28.  The Trustee also asked Defendants to identify which of the individuals on the Employee List are represented by Defendants' counsel.  Forman Decl. at ¶ 28.  Defendants stated they would respond to the Trustee's proposal by Friday, February 2, 2018.  Forman Decl. at ¶ 29.  In the event Defendants were unwilling to engage in such limited document discovery, the parties tentatively agreed on a briefing schedule for this Motion to Compel.  Forman Decl. at ¶ 29.[6]

Later that afternoon, Defendants wrote to renegotiate the tentative briefing schedule by questioning whether it was proper for the Trustee to move to compel, even though the Court had instructed the Trustee to do so absent an agreement between the parties.  Forman Decl., Ex. O. The Trustee responded on January 31, 2018, that motion practice would be unnecessary if Defendants agreed to his proposal to engage in limited document discovery.  *Id.*

Defendants responded on the evening of February 1, 2018, that the parties should "refrain from engaging in discovery until the Court decides our . . . motion to dismiss" because discovery would be "premature."  *Id.*  Defendants further revealed their intention to not accept the Trustee's proposal or otherwise engage in any discovery by asserting that the Trustee should not move to compel on February 9, 2018 (as the parties had previously discussed) because it would be more appropriate instead for Defendants to file a motion to stay discovery on that day.  *Id.*

The Trustee responded on the morning of February 2, 2018, noting it was premature to discuss a briefing schedule without a response to the Trustee's proposal.  *Id.*  Nearly a week later, on February 8, 2018, Defendants rejected the Trustee's proposal and repeated the same boilerplate objections that discovery was "premature" and that the Limited Requests were "extremely broad

---

[6] The Trustee again indicated his consent to submit the dispute to the Discovery Arbitrator, but Defendants refused and insisted the parties submit the dispute to the Court.  Forman Decl. at ¶ 26.

and burdensome." Forman Decl. at ¶ 30.  After months of delay, the time has come for Defendants

to produce documents.

## ARGUMENT

This Court should compel discovery from Defendants because the Limited Document

Requests: (A) are relevant to the claims and defenses in this adversary proceeding; (B) are

proportional to the needs of this case; (C) are timely made; and (D) do not impose any undue

burden on Defendants.  Under Rule 26, made applicable here by Bankruptcy Rule 7026:  "Parties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Rule 34, made

applicable here by Bankruptcy Rule 7034, similarly authorizes a party to serve document requests

seeking relevant and proportional discovery upon another party.  Fed. R. Civ. P. 34.  A party

moving to compel discovery pursuant to Rule 37 must demonstrate relevance and proportionality

sufficient to warrant discovery, and must certify that the movant in good faith conferred or

attempted to confer with the nonmovant in an effort to obtain discovery without court action.  Fed.

R. Civ. P. 37(a)(1).  The party resisting discovery then bears the burden of demonstrating that,

"despite the broad and liberal construction afforded the federal discovery rules, the requests are

irrelevant, or are overly broad, burdensome, or oppressive."  *Royal Park Invs. SA/NV v. Deutsche

Bank Nat'l Tr. Co.*, 14-cv-4394 (AJN) (BCM), 2016 WL 4613390, at *7 (S.D.N.Y. Aug. 31, 2016)

(internal quotation marks omitted).  As shown below, Defendants will be unable to make such a

showing.

## A.    The Limited Document Requests Seek Relevant and Important Information

Defendants do not, and cannot reasonably, dispute that the Limited Document Requests

seek relevant and important information that constitutes the foundation of this case.  *See generally*

8

Forman Decl., Exs. H, J, L.   As this Court recently noted: "Even after the 2015 amendment to Rule 26(b), [r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Picard v. Roman (SIPC v. BLMIS)*, Adv. Pro. No. 10-4292 (SMB), 2017 WL 4685525, at *3 (Bankr. S.D.N.Y. Oct. 17, 2017) (internal quotation marks omitted).

The Limited Document Requests seek documents concerning, among other things, communications and agreements with BLMIS or the BLMIS Feeder Funds, Defendants' organizational structure and reporting lines, due diligence standards and practices with respect to loans, fund services, credit facilities, and structured products, and investigations or litigation involving BLMIS.   These documents, which reflect Defendants' actions, relationships, and state of mind with respect to the BLMIS fraud, are the very essence of relevance to the actual claims and defenses in this adversary proceeding. *See Homeward Residential, Inc. v. Sand Canyon Corp.*, 12-cv-5067 (JFK) (JLC), 12-cv-7319 (JFK) (JLC), 2017 WL 4676806, at *19-20 (S.D.N.Y. Oct. 17, 2017) (compelling production of agreements relating to mortgage repurchases because documents were highly relevant to notice of and willful blindness to widespread breaches of representations and warranties of loans); *Mirra v. Jordan*, 13-cv-5519 (AT) (KNF), 2015 WL 8526550, at *2 (S.D.N.Y. Dec. 7, 2015) ("communications between the defendant and [a non-party] . . . are relevant to the defendant's state of mind").

More specifically, these documents will also clarify the extent of Defendants' willful blindness and support imputation to certain Defendants. *See Durling v. Papa John's Int'l, Inc.*, 16-cv-3592 (CS) (JCM), 2018 WL 557915, at *4 (S.D.N.Y. Jan. 24, 2018) (compelling production of communications with and documents relating to third-party consultant because they were

9

potentially relevant to defendant's "willfulness or good faith"). The Limited Document Requests are relevant, and Defendants' responsive production should be compelled by the Court.

**B.      The Documents Sought Are Proportional to the Needs of the Case**

Proportionality is measured by several factors including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Limited Document Requests are proportional in light of the complexity of this adversary proceeding, the seriousness of the claims and amount in controversy, and the minimal burden imposed by them.

This is not a simple litigation. This litigation concerns a global bank's willful blindness to one of the most infamous frauds in history and Defendants' role in propping up that Ponzi scheme by, among other things, misleading regulators and funneling money to Madoff. Am. Compl. ¶¶ 4, 97, 99, 101, 107, 111, 112, 119. Defendants were part of a financial enterprise conducting more than one billion dollars' worth of transactions with BLMIS and the BLMIS Feeder Funds. Am. Compl. ¶¶ 4, 12, 138-99. And Defendants' relationship with BLMIS extends back two decades during which time Defendants loaned money to Madoff directly, sponsored and serviced their own BLMIS Feeder Fund, and provided credit and structured products to over a dozen BLMIS Feeder Funds. Am. Compl. ¶¶ 84, 89-112, 139-40, 232-40. Indeed, the Trustee's investigation thus far has uncovered nearly $1.4 billion in transfers from twelve BLMIS Feeder Funds to six BNP Paribas entities beginning as early as May 1999. Am. Compl. ¶¶ 12, 340. In light of these specific allegations, the breadth of discovery requested now—which has been limited to the production of domestic documents by parties, and for the moment not any written discovery or deposition

testimony—is proportional. *See Greater New York Taxi Ass'n v. City of New York*, 13-cv-3089 (VSB) (JCF), 2017 WL 4012051, at *5 (S.D.N.Y. Sept. 11, 2017) (compelling discovery from additional custodians who were employees of plaintiff because "the seriousness of the allegations levied against the defendants," the allegations of "tens of millions of dollars" in damages, "the size of [plaintiff's] enterprises," and "the potential evidentiary value of documents in the custodians' possession" rendered requests proportional); *Rivera v. Inc. Vill. of Farmingdale*, 06-cv-2613 (DRH) (ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (denying motion for discovery stay where motion to dismiss did not appear to be dispositive and directing document discovery in the interim).

The Trustee has offered in good faith to narrow the Requests in the first instance to ensure that Defendants' burden is minimized and that the discovery conducted at this time is proportional. Yet Defendants have not acted in good faith,[7] have not offered any compromise, have not attempted to explain their alleged burden, and in fact have refused to substantiate their objections to any particular Request during the Rule 26(f) conference. Forman Decl. ¶¶ 26, 27. Instead, Defendants have unilaterally declared the Requests "premature" and made plain they have no intention of producing any documents. Forman Decl., Exs. H, J, L, N, O. These representations reveal that the Trustee's good-faith efforts to resolve this dispute have failed. *See Zabielski-Schroeder v. Menard, Inc.*, 13-cv-451 (RLM) (JEM), 2014 WL 3084725, at *5 (N.D. Ind. July 7, 2014) (denying motion to strike plaintiffs' motion to compel where it was filed sixteen days prior to the response date and defendant repeatedly indicated that it had "no intention of producing" by

---

[7] Rule 26 provides that, from the outset of litigation, "the parties must confer as soon as practicable" to plan for discovery. Fed. R. Civ. P. 26(f)(1). And "[t]he obligation to participate in the [discovery] planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26(f), Advisory Comm. Notes (1993).

the response date because plaintiffs "should not have needed to wait to file the Motion to Compel"); *see also Albert v. Starbucks Coffee Co.*, 213 F. App'x 1, 2 (D.C. Cir. Jan. 3, 2007) (per curiam) (finding magistrate judge's grant of motion to compel defendant's deposition appearance was within court's "broad authority . . . in supervising discovery" because defendant had made "it clear that he had no intention of" complying with discovery obligation even though the deadline for that obligation had not yet lapsed).

Defendants fall back on boilerplate and vague protests that the Requests are overbroad and impose a "considerable burden" in cost and expense. *E.g.*, Forman Decl., Ex. L. Such general objections about breadth and burden are insufficient under the Rules. *See XChange Telecom Corp. v. Sprint Spectrum L.P.*, 14-cv-54 (GLS) (CFH), 2015 WL 773752, at *8 (N.D.N.Y. Feb. 24, 2015) (compelling production where responding party characterized requests as "overly broad[] and unduly burdensome" because "[s]uch pat, generic, non-specific objections . . . [are] inconsistent with both the letter and the spirit of the Federal Rules"); *City of New York v. YRC Worldwide Inc.*, 14-cv-4322 (FB) (RLM), 2015 U.S. Dist. LEXIS 961, at *3 (E.D.N.Y. Jan. 6, 2015) (denying motion for discovery stay and compelling document discovery where defendant "argue[d] in conclusory fashion that 'unlimited document discovery would be costly and time consuming'" without any evidence to support such claims); *see also* Forman Decl., Ex. M at 8:11-12 (Defendants "can make your argument about the burden with evidence of what the burden is, just don't tell me it's too burdensome."). The Limited Document Requests are therefore proportional to the needs of this adversary proceeding.

## C.    The Limited Document Requests Are Timely

Defendants' primary argument for not cooperating with the Trustee's discovery efforts is that they are "premature" because they believe that (1) the Trustee's amended complaint was not

properly filed and (2) their pending motion to dismiss warrants a discovery stay.  Both arguments

are baseless.

### 1.    The Trustee Properly Filed the Amended Complaint

Defendants' argument that discovery is premature because the amended complaint was

improperly filed is unavailing.  First, in November 2016, this Court explicitly granted leave to

amend claims in this adversary proceeding: "the motions to dismiss the claims included in Table

6 [listing this adversary proceeding] are denied and leave to amend is granted to the extent of these

claims." *See Comity Decision*, 2016 WL 6900689, at *30.[8]  Second, the initial transfers to Ascot

have not been avoided yet so the Trustee had an amendment of right to include those subsequent

transfers in his amended complaint.  Third, there is an active complaint in this adversary

proceeding (ECF 1) that Defendants have responded to twice with motions to dismiss (ECF 52 &

106) and on which discovery should proceed regardless.  And fourth, notwithstanding Defendants'

position, the Court deemed the Requests served at the January 23 conference and directed the

parties to hold a Rule 26(f) conference.  Forman Decl., Ex. M at 9:10-15.  The amended complaint

is properly before the Court, and the Requests are therefore timely.

---

[8] Despite this clear and unmistakable language, Defendants argue that the Court was only permitting the Trustee leave to amend to add facts regarding extraterritoriality that had previously been provided to the Court.  Defendants' Motion to Dismiss Brief ("MTD Br.") (ECF 107) at 12-13.  Defendants further argue that this interpretation is required under a 2015 scheduling order, which, among other things, made reference to briefing of future amendments in this and other adversary proceedings.  *Id.* at 12 n.11.  An order's mention of certain briefing in 2015 does not preclude the Court from later issuing a broader leave to amend upon resolution of a motion to dismiss, as it did here.  Any conflict between the scheduling order and this Court's decision should be resolved according to the plain language of the latter. *See Partell v. Fidelity Nat'l Title Ins. Servs.*, 12-cv-376S, 2012 WL 5288754, at *2 (W.D.N.Y. Oct. 24, 2012) (scope of court's decision is defined by its plain language).

### 2.    Defendants' Second Motion to Dismiss Does Not Stay Discovery

It is well-settled that a motion to dismiss does not automatically stay discovery. *See, e.g.*, *Brooks v. Macy's, Inc.*, 10-cv-5304 (BSJ) (HBP), 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010); *Rivera*, 2007 WL 3047089, at *1.   As a result, discovery from Defendants is mandatory absent a compelling showing by Defendants why it should not proceed, and not a unilateral decision to not produce documents.   Defendants cannot make any such showing.   Indeed, Defendants' argument—that they need not participate in discovery because they believe in the strength of their motion to dismiss—is untenable.   The Trustee has set forth particularized factual allegations in the amended complaint that are consistent with prior complaints that this Court and others have found sufficient to withstand motion practice.   *See Picard v. Ceretti (In re BLMIS)*, Adv. Pro. No. 09-1161 (SMB), 2015 WL 4734749, at *14-15 (Bankr. S.D.N.Y. Aug. 11, 2015) (denying motion to dismiss claims that defendants were willfully blind where the Trustee alleged that defendants shielded Madoff and BLMIS from public scrutiny); *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 144-45 (Bankr. S.D.N.Y. 2014) (denying motion to dismiss claims that defendants were willfully blind where the allegations akin to scienter under the federal securities laws were sufficient to establish the first prong of willful blindness); *Picard v. Katz*, 462 B.R. 447, 454-55 (S.D.N.Y. 2011) (willful blindness sufficiently pleaded where the Trustee alleged that "the defendants willfully blinded themselves to the fact that Madoff Securities was involved in some kind of fraud" rather than that "the defendants knowingly invested in a Ponzi scheme"); *cf. Picard v. Legacy Capital Ltd. (In re BLMIS)*, 548 B.R. 13, 29 (Bankr. S.D.N.Y. 2016) (the first prong of willful blindness is met when the Trustee pleads that the defendant "'subjectively believe[s] that there is a high probability that a fact exists' . . . . 'a high probability of fraud'").[9]

---

[9] *See also Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 408-11 (S.D.N.Y. 2010) (scienter adequately pleaded in complaint that alleged defendants had access to and reviewed

14

In fact, Defendants' motion to dismiss exemplifies why the Trustee's motion to compel should be granted. Defendants' motion to dismiss is largely an attack on the Trustee's factual allegations, in which they try to reinterpret the Trustee's allegations and try to introduce entirely new facts that are outside the amended complaint's scope. MTD Br. at 17-19, 21-24; Defendants' Motion to Dismiss Reply Brief (ECF 116) at 7-10, 12-13. The Trustee should be given the opportunity to further substantiate his claims and rebut Defendants' efforts to recast the evidence. *See Homeward Residential*, 2017 WL 4676806, at *20 (granting motion to compel production of documents relevant to willful blindness because defendant had not shown that production "would pose a burden, [because] it is the only party with access to the agreements, and [because] the issue of notice is significant in these cases"); *see also State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-cv-9792 (WHP) (JCF), 2016 WL 4530890, at *3 (S.D.N.Y. Mar. 24, 2016) (affirming financial information relating to personal accounts of family of individual defendant must be produced because these records "may be necessary to trace funds"). It is therefore appropriate for discovery to proceed now without further delay.

**D.    Balancing the Equities Weighs in Favor of Compelling Discovery**

The long passage of time since this proceeding began weighs in favor of compelling discovery. This proceeding was withdrawn to the District Court two months after the Trustee filed his initial complaint in May 2012 and was held up on Defendants' first motion to dismiss until recently. Further delay will continue to prejudice the Trustee. *See Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, 14-cv-3307 (ADS) (AKT), 2015 WL 7756122, at *3-4

---

BLMIS trade confirmations and other documents reflecting trading impossibilities and other indicia of fraud, and where defendants were unwilling "to recognize what other similarly situated financial firms were able to do with the same information"); *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 328, 342 (Bankr. S.D.N.Y. 2011) (recognizing that plaintiff is entitled to "all reasonable inferences" on a motion to dismiss and denying motion to dismiss because the Trustee pleaded "valid *prima facie* claims")

15

(E.D.N.Y. Dec. 1, 2015) (denying motion to stay discovery and compelling document discovery where further delay would prejudice the plaintiffs because the case had been pending for 19 months without discovery based on a previous discovery stay, and where defendants did not make a strong showing of good cause because plaintiffs' specific allegations, if true, may satisfy their pleading burden).

Discovery should proceed now, before witnesses' memories further fade and documents are potentially lost—especially since the events at issue occurred ten or more years ago and the documents are nearly exclusively in Defendants' possession and control.  *See Ass'n Fe Y Allegria v. Rep. of Ecuador*, 98-cv-8650 (BSJ), 98-cv-8693 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) (denying motion to stay discovery while motion to dismiss was pending in part because eleven-year delay between accrual of claims and the commencement of the lawsuit "does not . . . diminish the prejudice to plaintiffs of further delay"); *see also J.P. Morgan Sec. LLC v. Mariano*, 17-cv-1080 (GBD) (SDA), 2018 WL 522339, at *2 (S.D.N.Y. Jan. 22, 2018) (compelling discovery while limiting the scope to lessen the burden and finding discovery was proportional where non-movant's counterclaims sought "in excess of $100 million" and "the documents sought are in his control").

Defendants' size, sophistication, and resources further weigh in favor of compelling discovery.  Defendants are part of one of the largest global banks and have been represented by able counsel since at least 2009.  As a practical matter, any purported burden is de minimis, especially considering the Trustee's repeated offers to narrow the Requests' scope and staging of discovery.  In any event, Defendants have not made any attempt to substantiate the undue burden that would be imposed by responding to these Requests notwithstanding the Court's directive during the January 23 informal conference that they should "make [their] argument about the

16

burden with evidence of what the burden is." Forman Decl., Ex. M at 8:11-12. Defendants' refusal

to do so illustrates their lack of good faith in attempting to resolve this dispute.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court compel

Defendants to produce documents responsive to the Limited Document Requests.


Date:  February 9, 2018                              **BAKER & HOSTETLER LLP**
        New York, New York

                                    By: */s/ David J. Sheehan*
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone: (212) 589-4200
                                        Facsimile: (212) 589-4201
                                        David J. Sheehan
                                        Email: dsheehan@bakerlaw.com
                                        Mark A. Kornfeld
                                        Email: mkornfeld@bakerlaw.com
                                        Torello H. Calvani
                                        Email: tcalvani@bakerlaw.com
                                        Jonathan A. Forman
                                        Email: jforman@bakerlaw.com
                                        Joanna F. Wasick
                                        Email: jwasick@bakerlaw.com
                                        Marco Molina
                                        Email: mmolina@bakerlaw.com

                                        *Attorneys for Irving H. Picard, Trustee for the*
                                        *Substantively Consolidated SIPA Liquidation*
                                        *of Bernard L. Madoff Investment Securities*
                                        *LLC and  the estate of Bernard L. Madoff*