**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for the BNP Paribas Arbitrage SNC,*
*BNP Paribas Bank & Trust (Cayman) Limited, and*
*BNP Paribas Securities Services S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>  BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>BNP PARIBAS S.A., BNP PARIBAS ARBITRAGE SNC, BNP PARIBAS BANK & TRUST (CAYMAN) LIMITED, BNP PARIBAS SECURITIES SERVICES S.A.,<br><br>      Defendants. | Adv. Pro. No. 12-01576 (SMB) |

**ANSWER OF DEFENDANTS BNP PARIBAS ARBITRAGE SNC, BNP PARIBAS BANK & TRUST (CAYMAN) LIMITED AND BNP PARIBAS SECURITIES SERVICES S.A.**

Defendants BNPP Arbitrage,[1] BNPP Securities Services, and BNPP Cayman (collectively, the "BNPP Defendants"),[2] by and through their attorneys, Cleary Gottlieb Steen & Hamilton LLP, for their Answer and defenses to the proposed amended complaint filed by plaintiff Irving H. Picard (the "Trustee") on August 30, 2017, (ECF Doc. # 100), modified by the Court's October 17, 2018 *Order on Plaintiff's Motion for Leave to Serve Amended Complaint and Defendants' Motion to Dismiss Amended Complaint*, (ECF Doc. # 150) (the "October 17 Order"), the "Amended Complaint," state as follows.

In answering the allegations in the Amended Complaint, the BNPP Defendants do not intend to waive, and do not waive, any and all applicable objection(s) to the relevance, admissibility, or prejudicial effect of any of the allegations in the Amended Complaint. Except as otherwise expressly admitted below, the BNPP Defendants deny all averments and each and every allegation in Paragraphs 1 through 446 of the Amended Complaint, including, without limitation, the various headings or subheadings throughout the Amended Complaint. To the extent it is later determined that a response is required to any allegation that the BNPP Defendants aver has been mooted by a prior dismissal of the Trustee's claims, the BNPP Defendants deny any such allegation. The BNPP Defendants expressly reserve the right to amend and/or supplement the Answer.

---

[1]    Capitalized terms not defined herein shall have the same meaning assigned to them in the Amended Complaint.

[2]    BNP Paribas was named as a defendant in the Amended Complaint, but following the October 17 Order, all claims against it have been dismissed. Therefore, BNP Paribas is no longer a party to this action and need not file an Answer.

## I.    NATURE OF THE ACTION[3]

1.    The BNPP Defendants aver that the allegations set forth in Paragraph 1 do not relate to the issue of whether any Defendant subsequent transferee (or a predecessor subsequent transferee) gave value for any alleged transfer.  Therefore, The BNPP Defendants aver that in light of the Court's October 17, 2018 *Order on Plaintiff's Motion for Leave to Serve Amended Complaint and Defendants' Motion to Dismiss Amended Complaint*, (ECF Doc. #150) (the "October 17 Order"), these allegations are moot and require no response.

2.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 2 are moot and require no response.

3.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 3 are moot and require no response.

4.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 4 are moot and require no response.

5.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 5 are moot and require no response.

6.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 6 are moot and require no response.

7.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 7 are moot and require no response.

8.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 8 are moot and require no response.

---

[3]    For the Court's convenience, the BNPP Defendants will use the same headings as the Trustee used in the Amended Complaint.  In doing so, the BNPP Defendants do not intend to waive any defenses or agree or admit that the Amended Complaint's headings are accurate or substantiated.

9.      The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 9 are moot and require no response.

10.      The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 10(a) to (m) are moot and require no response.

11.      The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 11 are moot and require no response.

12.      The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12, except admit on information and belief that the BNPP Defendants or their affiliates received transfers from the Tremont Funds.  The BNPP Defendants aver that the references to "fraudulent transfers" and "BLMIS customer property" state legal conclusions as to which no response is required, but to the extent that a response is required, the BNPP Defendants deny that the transfers were "fraudulent transfers" of "BLMIS customer property."  To the extent any allegations in Paragraph 12 are related to transfers from funds that are no longer at issue in the litigation, these allegations are moot and require no response.

13.      The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13, except admit that the BNPP Defendants received transfers from the Tremont Funds.  To the extent any allegations in Paragraph 13 are related to transfers that are no longer at issue in the litigation, these allegations are moot and require no response. The BNPP Defendants aver that the allegations of the final sentence of Paragraph 13, and the final sentence of footnote 1 to Paragraph 13, state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants

3

deny the allegations of the final sentence of Paragraph 13 and the final sentence of footnote 1 to

Paragraph 13.

## II.    JURISDICTION AND VENUE

14.    The BNPP Defendants admit the allegations of Paragraph 14, except deny that the

Court has personal jurisdiction over Defendants.

15.    The BNPP Defendants deny the allegations of Paragraph 15.  The BNPP

Defendants do not consent to entry of final orders or judgments by the Bankruptcy Court at this

time.

16.    The BNPP Defendants aver that the allegations of Paragraph 16 state legal

conclusions as to which no response is required.

17.    The BNPP Defendants aver that the allegations of Paragraph 17 state legal

conclusions as to which no response is required.

## III.    BACKGROUND

18.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 18, except admit on information and belief

that Madoff was arrested on or about the Filing Date, and that the SEC filed a complaint against

Madoff and BLMIS.

19.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 19, and respectfully refer the Court to the

application filed by SIPC referred to in Paragraph 19 for a complete and accurate statement of its

contents.

20.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 20, and respectfully refer the Court to the

order dated December 15, 2008 for a complete and accurate statement of its contents.

21.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and respectfully refer the Court to the orders dated December 23, 2008 and February 4, 2009 for complete and accurate statements of their contents.  To the extent the allegations of the second sentence of Paragraph 21 state legal conclusions, no response is required.

22.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and respectfully refer the Court to the petition filed on April 13, 2009 and the Court's order of June 9, 2009 for complete and accurate statements of their contents.

23.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23, except admit on information and belief that Madoff pled guilty at a plea hearing on March 12, 2009 and respectfully refer the Court to the transcript of that plea hearing for a complete and accurate statement of its contents.

24.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24, except admit on information and belief that DiPascali pled guilty at a plea hearing on August 11, 2009 and respectfully refer the Court to the transcript of that plea hearing for a complete and accurate statement of its contents.

25.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25, except admit on information and belief that Kugel pled guilty at a plea hearing on November 21, 2011 and respectfully refer the Court to the transcript of that plea hearing for a complete and accurate statement of its contents.

26.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26, except admit on information and belief

5

that Bonventre, Bongiorno, Crupi, Perez, and O'Hara were convicted of fraud and other crimes on March 24, 2014 and respectfully refer the Court to the trial transcript and judgment for complete and accurate statements of their contents.

27.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and further aver that the allegations of Paragraph 27 state legal conclusions as to which no response is required.

28.    The BNPP Defendants aver that the allegations of Paragraph 28 state legal conclusions as to which no response is required.

29.    The BNPP Defendants aver that the allegations of Paragraph 29 state legal conclusions as to which no response is required.

## IV.    BLMIS, THE PONZI SCHEME, AND THE SSC STRATEGY

### A.    <u>BLMIS</u>

30.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32, except admit on information and belief that at certain relevant times, BLMIS conducted its business from offices at 885 Third Avenue, New York City.

33.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and respectfully refer to the referenced Forms ADV for the full and complete contents thereof.

**B.    The Ponzi Scheme**

36.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, except admit upon information and belief that BLMIS claimed to invest money deposited by customers in securities.

37.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, except admit on information and belief that Friehling pleaded guilty on or about November 3, 2009, and respectfully refer the Court to the plea hearing transcript and BLMIS's SEC Form X-17A-5 for complete and accurate statements of its contents.

**C.    Madoff's Investment Strategy**

40.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, except admit on information and belief that at certain relevant times BLMIS purported to have engaged in the purchase of groups or baskets of

equities that purported to correlate to the S&P 100 Index, the purchase of out-of-the-money S&P

100 Index put options, and the sale of out-of-the-money S&P Index call options.

43.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 43.

44.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 44.

45.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 45.

46.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 46.

47.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 47.

48.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 48.

**D.    The Collapse of the Ponzi Scheme**

49.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 49.

50.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 50 and respectfully refer the Court to the plea

hearing transcripts of Madoff and DiPascali for complete and accurate statements of their

contents.

51.    The BNPP Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 51.

## V.    DEFENDANTS

52.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 52 are moot and require no response.

53.    The BNPP Defendants deny the allegations of Paragraph 53, except admit that BNP Paribas Arbitrage is organized under the laws of France as a *société en nom collectif*, that it is a wholly owned subsidiary of BNP Paribas, and that BNP Paribas is a managing director.

54.    The BNPP Defendants deny the allegations of Paragraph 54, except admit that BNP Paribas Cayman is incorporated and organized under the laws of the Cayman Islands and is a wholly-owned subsidiary of BNP Paribas.

55.    The BNPP Defendants deny the allegations of Paragraph 55, except admit that BNP Paribas Securities Services is a wholly owned subsidiary of BNP Paribas which maintains an office at 3 Rue d'Antin, 75002 Paris, France.  Defendants aver that BNP Paribas Services S.A. converted into a *société en nom collectif* ("S.C.A.") on June 30, 2011.

## VI.    PERSONAL JURISDICTION

56.    The BNPP Defendants aver that the allegations of the first sentence of Paragraph 56 state legal conclusions as to which no response is required, but to the extent any response is required, the BNPP Defendants deny that they are subject to personal jurisdiction in this judicial district.  The BNPP Defendants further deny the allegations of the second sentence of Paragraph 56.

57.    The BNPP Defendants deny the allegations of Paragraph 57.

58.    The BNPP Defendants deny the allegations of Paragraph 58, except admit that as of January 17, 2019, the website of BNP Paribas USA, Inc. ("BNP Paribas USA"), a wholly owned subsidiary of BNP Paribas, states that "BNP Paribas has been present in the United States

since the late 1800s, and currently has over 16,000 employees in North America. The region is a key hub for the Bank's global network of 75 countries and nearly 190,000 employees."

59.    The allegations of Paragraph 59 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 59.

60.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 60 and otherwise deny the allegations of Paragraph 60.  To the extent any allegations in Paragraph 60 are related to transfers that are no longer at issue in the litigation, these allegations are moot and require no response.

## VII.    BNP PARIBAS CORPORATE STRUCTURE

61.    The BNPP Defendants admit the allegations of Paragraph 61.

62.    The BNPP Defendants deny the allegations of Paragraph 62.

63.    The BNPP Defendants deny the allegations of Paragraph 63.

## A.    The Fund Derivatives Group

64.    The BNPP Defendants deny the allegations of Paragraph 64, except admit that at certain relevant times the Fund Derivatives Group developed structured products indexed to various underlying assets and that some of these products offered leverage to BNP Paribas's customers.

65.    The BNPP Defendants deny the allegations of Paragraph 65.

66.    The BNPP Defendants deny the allegations of Paragraph 66, except admit that the Fund Derivatives Group comprised employees of BNP Paribas or certain of its branches and subsidiaries.

67.    The BNPP Defendants deny the allegations of Paragraph 67, except admit that BNP Paribas and certain of its subsidiaries, including without limitation BNP Paribas Arbitrage and BNP Paribas Securities Corp., were involved in the funding, creation, management, marketing and monitoring of certain credit facilities and structured products.

68.    The BNPP Defendants deny the allegations of Paragraph 68, except admit that BNP Paribas Arbitrage and BNP Paribas Securities Corp. acted as calculation agents or collateral agents for certain credit facilities and structured products provided by BNP Paribas and its subsidiaries to their customers.

**B.    The Securities Services Group**

69.    The BNPP Defendants admit the allegations of Paragraph 69.

70.    The BNPP Defendants admit the allegations of Paragraph 70.

71.    The BNPP Defendants deny the allegations of Paragraph 71.

**C.    The Asset Management Group**

72.    The BNPP Defendants deny the allegations of Paragraph 72.

73.    The BNPP Defendants deny the allegations of Paragraph 73.

74.    The BNPP Defendants deny the allegations of Paragraph 74.

**D.    BNP Paribas Committees**

75.    The BNPP Defendants deny the allegations of Paragraph 75, except admit that certain transactions for the Fund Derivatives Group were presented to various committees at BNP Paribas for their review.

76.    The BNPP Defendants deny the allegations of Paragraph 76, except admit that the Transaction Approval Committee was a committee at BNP Paribas.

77.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 77 are moot and require no response.

78.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 78 are moot and require no response.

79.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 79 are moot and require no response.

80.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 80 are moot and require no response.

81.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 81 are moot and require no response.

82.     The BNPP Defendants deny the allegations of Paragraph 82, except admit that BNP Paribas and certain of its subsidiaries were responsible for monitoring and managing certain investment risks.

83.     The BNPP Defendants deny the allegations of Paragraph 83, except admit that the Group Risk Management department conducted periodic meetings to discuss hedge fund exposure during certain relevant time periods.

## VIII.   DEFENDANTS' LONGSTANDING RELATIONSHIPS WITH MADOFF, BLMIS, AND THE BLMIS FEEDER FUNDS

### A.     BNP Paribas Loans Madoff Tens of Millions of Dollars

84.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 84 are moot and require no response.

85.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 85 are moot and require no response.

86.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 86 are moot and require no response.

87.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 87 are moot and require no response.

88.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 88 are moot and require no response.

**B.      BNP Paribas Creates and Services the BLMIS Feeder Fund Oreades**

89.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 89 are moot and require no response.

90.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 90 are moot and require no response.

91.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 91 are moot and require no response.

92.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 92 are moot and require no response.

93.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 93 are moot and require no response.

94.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 94 are moot and require no response.

95.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 95 are moot and require no response.

96.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 96 are moot and require no response.

97.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 97 are moot and require no response.

98.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 98 are moot and require no response.

99.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 99 are moot and require no response.

100.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 100 are moot and require no response.

101.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 101 are moot and require no response.

102.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 102 are moot and require no response.

103.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 103 are moot and require no response.

104.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 104 are moot and require no response.

105.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 105 are moot and require no response.

106.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 106 are moot and require no response.

107.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 107 are moot and require no response.

108.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 108 are moot and require no response.

109.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 109 are moot and require no response.

110.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 110 are moot and require no response.

111.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 111 are moot and require no response.

112.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 112 are moot and require no response.

**C.    BNP Paribas Closes Oreades Because It Recognizes Fraud Risks at BLMIS**

113.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 113 are moot and require no response.

114.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 114 are moot and require no response.

115.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 115 are moot and require no response.

116.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 116 are moot and require no response.

117.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 117 are moot and require no response.

**D.    BNP Paribas Liquidates Oreades After Madoff Refuses to Address BNP Paribas's Concerns**

118.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 118 are moot and require no response.

119.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 119 are moot and require no response.

120.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 120 are moot and require no response.

121.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 121 are moot and require no response.

122.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 122 are moot and require no response.

123.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 123 are moot and require no response.

124.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 124 are moot and require no response.

125.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 125 are moot and require no response.

126.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 126 are moot and require no response.

**E.**    **Key Individuals within BNP Paribas Would Not Allow Investments with Madoff**

127.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 127 are moot and require no response.

128.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 128 are moot and require no response.

129.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 129 are moot and require no response.

130.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 130 are moot and require no response.

131.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 131 are moot and require no response.

132.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 132 are moot and require no response.

133.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 133 are moot and require no response.

134.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 134 are moot and require no response.

135.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 135 are moot and require no response.

136.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 136 are moot and require no response.

137.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 137 are moot and require no response.

## IX.    BNP PARIBAS FUELS THE PONZI SCHEME BY BECOMING A GLOBAL LEVERAGE PROVIDER TO THE BLMIS FEEDER FUNDS

138.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 138 are moot and require no response.

139.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 139 are moot and require no response.

140.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 140 are moot and require no response.

A.    **Through the ZCM Acquisition, BNP Paribas Expands Its Structured Products
Group and Acquires a Credit Facility for a Fund Invested with Harley**

141.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 141 are moot and require no response.

142.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 142 are moot and require no response.

143.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 143 are moot and require no response.

144.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 144 are moot and require no response.

145.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 145 are moot and require no response.

146.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 146 are moot and require no response.

147.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 147 are moot and require no response.

148.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 148 are moot and require no response.

149.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 149 are moot and require no response.

150.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 150 are moot and require no response.

151.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 151 are moot and require no response.

B.     **BNP Paribas and SocGen Conduct Due Diligence on ZCM and SocGen Rejects ZCM After Discovering Evidence of Fraud at BLMIS**

152.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 152 are moot and require no response.

153.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 153 are moot and require no response.

154.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 154 are moot and require no response.

155.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 155 are moot and require no response.

156.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 156 are moot and require no response.

157.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 157 are moot and require no response.

158.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 158 are moot and require no response.

159.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 159 are moot and require no response.

160.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 160 are moot and require no response.

161.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 161 are moot and require no response.

162.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 162 are moot and require no response.

163.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 163 are moot and require no response.

164.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 164 are moot and require no response.

**C.    Defendants Deviated from Their Standard Practices in order to Shield Themselves from Additional Information Confirming that BLMIS Was a Fraud**

165.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 165 are moot and require no response.

166.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 166 are moot and require no response.

167.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 167 are moot and require no response.

168.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 168 are moot and require no response.

169.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 169 are moot and require no response.

170.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 170 are moot and require no response.

171.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 171 are moot and require no response.

172.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 172 are moot and require no response.

173.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 173 are moot and require no response.

174.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 174 are moot and require no response.

175.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 175 are moot and require no response.

176.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 176 are moot and require no response.

177.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 177 are moot and require no response.

178.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 178 are moot and require no response.

179.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 179 are moot and require no response.

**D.    BNP Paribas Expands the Credit Facility with Santa Barbara**

180.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 180 are moot and require no response.

181.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 181 are moot and require no response.

182.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 182 are moot and require no response.

183.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 183 are moot and require no response.

184.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 184 are moot and require no response.

185.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 185 are moot and require no response.

186.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 186 are moot and require no response.

187.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 187 are moot and require no response.

188.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 188 are moot and require no response.

189.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 189 are moot and require no response.

190.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 190 are moot and require no response.

191.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 191 are moot and require no response.

192.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 192 are moot and require no response.

**E.    BNP Paribas Takes Control of Legacy Capital's BLMIS Account**

193.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 193 are moot and require no response.

194.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 194 are moot and require no response.

195.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 195 are moot and require no response.

196.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 196 are moot and require no response.

197.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 197 are moot and require no response.

198.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 198 are moot and require no response.

199.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 199 are moot and require no response.

F.    **BNP Paribas and Renaissance Conduct Due Diligence on Legacy Capital and Renaissance Discovers Evidence of Fraud at BLMIS**

200.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 200 are moot and require no response.

201.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 201 are moot and require no response.

202.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 202 are moot and require no response.

203.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 203 are moot and require no response.

204.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 204 are moot and require no response.

205.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 205 are moot and require no response.

206.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 206 are moot and require no response.

207.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 207 are moot and require no response.

208.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 208 are moot and require no response.

209.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 209 are moot and require no response.

210.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 210 are moot and require no response.

211.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 211 are moot and require no response.

**G.    BNP Paribas Executes a Credit Facility with Tremont**

212.    The BNPP Defendants deny the allegations of Paragraph 212, except admit that a BNP Paribas branch entered into a $100 million credit facility with the Insurance Portfolio Fund in August 2005.

213.    The BNPP Defendants deny the allegations of Paragraph 213, except admit that a BNP Paribas branch entered into a credit facility agreement with Insurance Portfolio Fund in August 2005.

214.    The BNPP Defendants deny the allegations of Paragraph 214, except admit that a BNP Paribas branch entered into a credit facility agreement with Insurance Portfolio Fund in August 2005 and that the pledged collateral included the assets held in a BLMIS investment account (account number 1-FR010-3-0).

215.    The BNPP Defendants deny the allegations of Paragraph 215, except admit that a BNP Paribas branch entered into a credit facility agreement with Insurance Portfolio Fund in

August 2005 for which BNP Paribas Securities Corp. was named as a collateral agent and
calculation agent.

216.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 216 are moot and require no response.

217.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 217 are moot and require no response.

218.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 218 are moot and require no response.

**H.    BNP Paribas Executes Option and Swap Agreements with Multiple BLMIS Feeder Funds**

219.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 219 are moot and require no response.

220.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 220 are moot and require no response.

221.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 221 are moot and require no response.

222.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 222 are moot and require no response.

223.    The BNPP Defendants aver that in light of the October 17 Order, the allegations
of Paragraph 223 are moot and require no response.

224.    The BNPP Defendants deny the allegations of Paragraph 224, except admit that
BNP Paribas Securities Corp. entered into an accreting strike basket transaction ("ASBT") with
Tremont (Bermuda) Ltd. in October 2006.

225.    The BNPP Defendants deny the allegations of Paragraph 225, except admit that the transaction that the Amended Complaint defines as the Tremont Option was a structured option linked to a basket composed of reference shares in Tremont Market Neutral Fund Limited, which, according to the confirmation letter for the transaction, held shares in the Portfolio Limited Fund.

226.    The BNPP Defendants deny the allegations of Paragraph 226.

227.    The BNPP Defendants deny the allegations of Paragraph 227 except admit that BNP Paribas Securities Corp. entered into a swap agreement with Tremont Enhanced Market Fund in January 2007.

228.    The BNPP Defendants deny the allegations of Paragraph 228, except admit that the transaction that the Amended Complaint defines as the Tremont Swap called for a swap transaction which referenced shares of Tremont Market Neutral Fund II, L.P., which, according to the confirmation letter for the transaction, held shares in Prime Fund and Broad Market Fund.

229.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 229 are moot and require no response.

230.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 230 are moot and require no response.

231.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 231 are moot and require no response.

**I.**    **BNP Paribas Creates Structured Products for BNP Paribas Clients that Reference Investments in the BLMIS Feeder Funds**

232.    The BNPP Defendants deny the allegations of Paragraph 232, except admit that at certain times, certain BNPP Defendants provided leverage to investors.

233.     The BNPP Defendants aver that the allegations set forth in Paragraph 233 relate exclusively to claims that have been dismissed with prejudice pursuant to the Court's *Stipulated Order to Dismiss Claims to Recover Ascot Transfers from the Amended Complaint* dated September 13, 2018 (ECF No. 145) (the "September 13 Stipulated Order") and therefore require no response.

234.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 234 are moot and require no response.

235.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 235 are moot and require no response.

236.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 236 are moot and require no response.

237.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 237 are moot and require no response.

238.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 238 are moot and require no response.

239.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 239 are moot and require no response.

240.     The BNPP Defendants deny the allegations of Paragraph 240.

## X.     DEFENDANTS KNEW SIGNS OF FRAUD SURROUNDING BLMIS

### A.     Defendants Knew BLMIS's Operational Structure Was Vulnerable to Fraud Because it Subverted Checks and Balances

241.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 241 are moot and require no response.

242.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 242 are moot and require no response.

243.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 243 are moot and require no response.

244.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 244 are moot and require no response.

245.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 245 are moot and require no response.

**B.      BLMIS's Outdated Trade Reporting Practices Were Vulnerable to Fraud**

246.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 246 are moot and require no response.

247.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 247 are moot and require no response.

248.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 248 are moot and require no response.

249.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 249 are moot and require no response.

250.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 250 are moot and require no response.

251.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 251 are moot and require no response.

252.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 252 are moot and require no response.

253.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 253 are moot and require no response.

## C.    BLMIS's Small, Unknown Auditor Was Neither Qualified nor Capable of Auditing BLMIS

254.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 254 are moot and require no response.

255.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 255 are moot and require no response.

256.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 256 are moot and require no response.

257.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 257 are moot and require no response.

## D.    BLMIS's Fee Structure Indicated Fraud

258.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 258 are moot and require no response.

259.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 259 are moot and require no response.

260.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 260 are moot and require no response.

## E.    Madoff Operated BLMIS with No Meaningful Transparency and BNP Paribas Helped to Shield BLMIS from Scrutiny

261.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 261 are moot and require no response.

262.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 262 are moot and require no response.

29

263.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 263 are moot and require no response.

264.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 264 are moot and require no response.

265.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 265 are moot and require no response.

266.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 266 are moot and require no response.

## XI.    DEFENDANTS KNEW OF IMPOSSIBILITIES AND OTHER INDICIA OF FRAUD ABOUT BLMIS'S PERFORMANCE

267.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 267 are moot and require no response.

268.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 268 are moot and require no response.

## A.    The SSC Strategy BLMIS Purported to Employ Could Not Yield the Results Reported on the BLMIS Account Statements

269.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 269 are moot and require no response.

270.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 270 are moot and require no response.

271.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 271 are moot and require no response.

272.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 272 are moot and require no response.

273.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 273 are moot and require no response.

274.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 274 are moot and require no response.

275.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 275 are moot and require no response.

276.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 276 are moot and require no response.

277.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 277 are moot and require no response.

278.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 278 are moot and require no response.

279.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 279 are moot and require no response.

280.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 280 are moot and require no response.

281.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 281 are moot and require no response.

282.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 282 are moot and require no response.

283.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 283 are moot and require no response.

284.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 284 are moot and require no response.

**B.**    **BLMIS's Executed Trades Outside the Daily Price Range**

285.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 285 are moot and require no response.

286.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 286 are moot and require no response.

287.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 287 are moot and require no response.

288.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 288 are moot and require no response.

**C.**    **BLMIS's Volume of Assets under Management Was Too Large to Execute the SSC Strategy**

289.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 289 are moot and require no response.

290.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 290 are moot and require no response.

291.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 291 are moot and require no response.

292.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 292 are moot and require no response.

293.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 293 are moot and require no response.

294.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 294 are moot and require no response.

295.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 295 are moot and require no response.

**D.   BLMIS's Misreported Investment Accounts and Assets Under Management**

296.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 296 are moot and require no response.

297.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 297 are moot and require no response.

298.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 298 are moot and require no response.

299.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 299 are moot and require no response.

300.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 300 are moot and require no response.

301.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 301 are moot and require no response.

302.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 302 are moot and require no response.

303.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 303 are moot and require no response.

**E.   The Timing of BLMIS's Purported Trades Was Impossible**

304.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 304 are moot and require no response.

33

305.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 305 are moot and require no response.

306.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 306 are moot and require no response.

307.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 307 are moot and require no response.

308.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 308 are moot and require no response.

309.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 309 are moot and require no response.

310.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 310 are moot and require no response.

**F.     BLMIS Account Statements Reflected Impossible Option Trading Volumes**

311.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 311 are moot and require no response.

312.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 312 are moot and require no response.

313.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 313 are moot and require no response.

314.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 314 are moot and require no response.

315.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 315 are moot and require no response.

316.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 316 are moot and require no response.

## G.    BLMIS's Purported OTC Option Trades Were Impossible

317.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 317 are moot and require no response.

318.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 318 are moot and require no response.

319.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 319 are moot and require no response.

320.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 320 are moot and require no response.

321.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 321 are moot and require no response.

## H.    BLMIS Deviated from the SSC Strategy

322.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 322 are moot and require no response.

323.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 323 are moot and require no response.

324.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 324 are moot and require no response.

325.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 325 are moot and require no response.

326.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 326 are moot and require no response.

327.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 327 are moot and require no response.

328.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 328 are moot and require no response.

329.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 329 are moot and require no response.

330.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 330 are moot and require no response.

**I.    BLMIS Reported Settlement Anomalies in Option Transactions**

331.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 331 are moot and require no response.

332.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 332 are moot and require no response.

333.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 333 are moot and require no response.

334.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 334 are moot and require no response.

335.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 335 are moot and require no response.

**J.    The Dividend Activity Shown on Customer Statements Was Impossible**

336.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 336 are moot and require no response.

337.   The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 337 are moot and require no response.

338.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 338 are moot and require no response.

339.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 339 are moot and require no response.

## XII.    THE TRANSFERS

340.    The BNPP Defendants deny having knowledge or information sufficient to form a belief as to the truth of what the Trustee has learned from his investigation to date and otherwise deny the allegations of Paragraph 340.

341.    The BNPP Defendants aver that in light of the October 17 Order and the September 13 Stipulated Order, the allegations of Paragraph 341 are moot and require no response.

342.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 342, except admit on information and belief that the Trustee reached settlements with Prime Fund, Broad Market Fund, Insurance Portfolio Fund, and Portfolio Limited Fund and that the Trustee has filed complaints in which he alleges the avoidability of initial transfers from these funds and from Ascot.

## A.    **TREMONT FUNDS**

343.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 343, except admit on information and belief that the Trustee commenced an action under the caption *Picard v. Tremont Group Holdings, Inc. et al.*, Adv. Pro. No. 10-05310 (SMB) and respectfully refer the Court to the complaint in that action for a complete and accurate statement of its contents.  To the extent the Trustee incorporates by reference all allegations contained in that complaint, the BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of each of those allegations

and deny that Trustee is entitled to avoidance or recovery of any transfers claimed in that

complaint.

344.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 344, except admit on information and belief

that on September 22, 2011, the Bankruptcy Court issued its *Bench Memorandum and Order

Granting Trustee's Motion for Entry of Order Approving Agreement*, and respectfully refer the

Court to that order for a complete and accurate statement of its contents.

345.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 345.

**1.    Initial Transfers from BLMIS to Prime Fund**

346.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 346.  The BNPP Defendants aver that the

allegations of the final sentence of Paragraph 346 state legal conclusions as to which no response

is required, but to the extent a response is required, the BNPP Defendants deny the allegations of

the final sentence of Paragraph 346.

347.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 347.  The BNPP Defendants aver that the

allegations of the final sentence of Paragraph 347 state legal conclusions as to which no response

is required, but to the extent a response is required, the BNPP Defendants deny the allegations of

the final sentence of Paragraph 347.

348.    The BNPP Defendants aver that Paragraph 348 does not state an allegation to

which a response is required.

349.    The BNPP Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations of Paragraph 349.

350.    The BNPP Defendants aver that the allegations of Paragraph 350 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 350.

## 2.    Tremont Initial Transfers to Broad Market Fund

351.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 351.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 351 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 351.

352.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 352.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 352 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 352.

353.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 353.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 353 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 353.

354.    The BNPP Defendants aver that Paragraph 354 does not state an allegation to which a response is required.

355.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 355.

356.    The BNPP Defendants aver that the allegations of Paragraph 356 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 356.

**3.    Subsequent Transfers to XL LP and Subsequently to Defendant BNP Paribas Cayman**

357.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 357.

358.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 358, except admit that XL LP transferred $2,987,824 to an account held by "BNP Paribas Bank & Trust Cayman – Ontario Partners LP – Pledged to BNP Paribas Securities Corp." on or about the dates identified in Exhibit E in order to effectuate share redemptions of $1,000,000.00 requested on or about October 31, 2007, $1,500,000 requested on or about March 31, 2008, and the shareholder's full position (which ultimately amounted to $487,824.17), requested on or about June 6, 2008.

359.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 359 are moot and require no response.

360.    The BNPP Defendants aver that the allegations of Paragraph 360 state legal conclusions as to which no response is required, but to the extent one is required, Defendants deny the allegations of Paragraph 360.

**4.    Initial Transfers from BLMIS to Insurance Portfolio Fund**

361.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 361.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 361 state legal conclusions as to which no response

is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 361.

362.     The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 362.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 362 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 362.

363.     The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 363.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 363 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 363.

364.     The BNPP Defendants aver that Paragraph 364 does not state an allegation to which a response is required.

365.     The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 365.

366.     The BNPP Defendants aver that the allegations of Paragraph 366 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 366.

**5.     Subsequent Transfers from Insurance Portfolio Fund to Defendants BNP Paribas Arbitrage and BNP Paribas**

367.     The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 367 are moot and require no response.

368.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 368 are moot and require no response.

369.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 369 are moot and require no response.

**6.    Subsequent Transfers from Insurance Portfolio Fund to XL Portfolio**

370.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 370.

**7.    Initial Transfers from BLMIS to Portfolio Limited Fund**

371.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 371.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 371 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 371.

372.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 372.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 372 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 372.

373.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 373.  The BNPP Defendants aver that the allegations of the final sentence of Paragraph 373 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of the final sentence of Paragraph 373.

374.    The BNPP Defendants aver that Paragraph 374 does not state an allegation to which a response is required.

375.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 375.

376.    The BNPP Defendants aver that the allegations of Paragraph 376 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 376.

###    8.    Subsequent Transfers from Portfolio Limited Fund to Defendants BNP Paribas Cayman and BNP Paribas Securities Services

377.    The BNPP Defendants admit that Portfolio Limited Fund transferred $7,636,884.23 to an account held by "BNP Paribas Bank & Trust Cayman Limited as Custodian for Tremont Market Neutral Portfolio Ltd." in order to effectuate a redemption of the shareholder's full positions in Class A shares (which ultimately amounted to $1,439,332.38) and Class B shares (which ultimately amounted to $6,197,551.85), which were requested on November 2, 2007.  The BNPP Defendants further admit that Portfolio Limited Fund transferred $625,000 to an account held by "BNP Paribas Bank & Trust Cayman Limited FB Top Select Absolute Return Income Fund" in order to effectuate share redemptions of $500,000 requested on October 21, 2008 and $125,000 requested on September 24, 2008.  The BNPP Defendants further admit that Portfolio Limited Fund transferred $2,000,000 to an account held by "BNP Paribas Securities Services Luxembourg A/C Tauern Absolute" in order to effectuate a share redemption of $2,000,000 in Class B shares requested on April 30, 2007.  The BNPP Defendants further admit that Portfolio Limited Fund transferred $1,097,994 to an account held by "BNP Paribas Securities Services Luxembourg A/C Tauern" in order to effectuate a redemption of the shareholder's full position in Class B shares requested on November 29, 2007.  The BNPP

Defendants aver that the remaining allegations of Paragraph 377 relate exclusively to claims that have been dismissed with prejudice pursuant to the Court's October 17 Order and therefore require no response, but to the extent a response is required, the BNPP Defendants deny the remaining allegations of Paragraph 377.

378.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 378 are moot and require no response.

379.    The BNPP Defendants aver that the allegations of Paragraph 379 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 379.

**9.    Subsequent Transfers from Portfolio Limited Fund to XL Portfolio**

380.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 380.

**10.    Subsequent Transfers from XL Portfolio and Subsequently to Defendants BNP Paribas Arbitrage and BNP Paribas Cayman**

381.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 381, except admit that XL Portfolio transferred approximately $6,452,906 to an account held by "BNP Paribas Arbitrage SNC #178" on or about the dates identified in Exhibit I in order to effectuate share redemptions of $3,600,000 requested on or about December 20, 2007 and the shareholder's full position (which ultimately amounted to $3,003,059.23 – of which $2,852,906.28 was transferred to the account holder) on February 19, 2008; that XL Portfolio transferred approximately $1,900,000 to accounts held by "BNP Paribas Bank & Trust Cayman – as Custodian for Ontario Partners, Ltd." in order to effectuate share redemptions of $600,000 requested on or about April 30, 2007, $600,000 requested on or about October 31, 2007 and $700,000 requested on or about March 31, 2008; and that XL

Portfolio transferred approximately $600,000 to an account held by "BNP Paribas Bank & Trust Cayman as Custodian for Ontario Partners, Ltd." in order to effectuate a share redemption of $700,000 requested on or about March 31, 2018.

382.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 382 are moot and require no response.

383.    The BNPP Defendants aver that the allegations of Paragraph 383 state legal conclusions as to which no response is required, but to the extent a response is required, Defendants deny the allegations of Paragraph 383.

**11.    The Tremont Subsequent Transfers Are Domestic**

384.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 384.

        a.    <u>The Tremont Funds' Principal Place of Business and Operations Were in New York</u>

385.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 385.

386.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 386.

387.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 387.

388.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 388.

389.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 389.

390.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 390.

391.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 391.

392.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 392.

393.    The BNPP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 393, except admit that certain subscription agreements that XL LP, Portfolio Limited Fund, and XL Portfolio made available to prospective investors indicated that subscription agreements should be sent to Tremont Partners or a Bank of New York entity in New York.

394.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 394.

395.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 395.

396.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 396.

397.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 397.

398.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 398.

399.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 399.

400.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 400.

401.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 401.

402.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 402.

403.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 403.

404.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 404.

405.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 405.

406.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 406.

407.    The BNPP Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 407.

        b.      The Events Relating to the Transfers Received by the BNP Defendants from the Tremont Funds Occurred in New York

408.    The BNPP Defendants deny the allegations of Paragraph 408, except admit that the Fund Derivatives Group was involved in certain aspects of creating, marketing, operating, or supervising certain credit facilities and structured products, including those involving investments in the Tremont Funds.

409.    The BNPP Defendants aver that the allegations of Paragraph 409 state legal conclusions as to which no response is required.

410.    The BNPP Defendants deny the allegations of Paragraph 410, except admit that the August 2005 credit agreement between a BNP Paribas branch and Insurance Portfolio Fund defines BNP Paribas Securities Corp. as the collateral and calculation agent and provides a New York address as one of its notice addresses; that the confirmation letter for the Tremont Option defines BNP Paribas Securities Corp. as the calculation agent and lists its New York address as the notice address; and that the confirmation letter for the Tremont Swap defines BNP Paribas Securities Corp. as the calculation agent and lists its New York address as the notice address.

411.    The BNPP Defendants deny the allegations of Paragraph 411, except admit that certain agreements between certain BNP Paribas entities and the Tremont Funds were executed by employees of BNP Paribas and/or its subsidiaries located in New York.

412.    The BNPP Defendants deny the allegations of Paragraph 412, except admit that certain BNP Paribas entities received certain transfers denominated in U.S. dollars pursuant to subscription agreements with the Tremont Funds.

## B.    ASCOT

413.    The BNPP Defendants aver that the allegations set forth in Paragraph 413 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

### 1.    Ascot Initial Transfers

414.    The BNPP Defendants aver that the allegations set forth in Paragraph 414 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

415.    The BNPP Defendants aver that the allegations set forth in Paragraph 415 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

416.    The BNPP Defendants aver that the allegations set forth in Paragraph 416 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

417.    The BNPP Defendants aver that the allegations set forth in Paragraph 417 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

418.    The BNPP Defendants aver that the allegations set forth in Paragraph 418 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

419.    The BNPP Defendants aver that the allegations set forth in Paragraph 419 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

**2.    Subsequent Transfers from Ascot to Defendants BNP Paribas Cayman and BNP Paribas**

420.    The BNPP Defendants aver that the allegations set forth in Paragraph 420 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

421.    The BNPP Defendants aver that the allegations set forth in Paragraph 421 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

422.    The BNPP Defendants aver that the allegations set forth in Paragraph 422 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

## COUNT ONE

### RECOVERY OF SUBSEQUENT TRANSFERS
### FROM DEFENDANT BNP PARIBAS CAYMAN
### UNDER 11 U.S.C. §§ 105(a) AND 550(a)

423.    The BNPP Defendants incorporate by reference their responses to the allegations

contained in each of the previous paragraphs of the Amended Complaint as if fully rewritten

herein.

424.    The BNPP Defendants aver that the allegations of Paragraph 424 state legal

conclusions as to which no response is required, but to the extent a response is required, the

BNPP Defendants deny the allegations of Paragraph 424.

425.    The BNPP Defendants admit that:

(a)  XL LP transferred $2,987,824 to an account held by "BNP Paribas Bank & Trust

Cayman – Ontario Partners LP – Pledged to BNP Paribas Securities Corp." in order to effectuate

share redemptions of $1,000,000.00 requested on or about October 31, 2007, $1,500,000

requested on or about March 31, 2008, and the shareholder's full position (which ultimately

amounted to $487,824.17), requested on or about June 6, 2008;

(b)  Portfolio Limited transferred $7,636,884.23 to an account held by "BNP Paribas

Bank & Trust Cayman Limited as Custodian for Tremont Market Neutral Portfolio Ltd." in order

to effectuate a redemption of the shareholder's full positions in Class A shares (which ultimately

amounted to $1,439,332.38) and Class B shares (which ultimately amounted to $6,197,551.85),

which were requested on November 2, 2007, and Portfolio Limited also transferred $625,000 to

an account held by "BNP Paribas Bank & Trust Cayman Limited FB Top Select Absolute Return

Income Fund" in order to effectuate share redemptions of $125,000 requested on September 24,

2008 and $500,000 requested on October 21, 2008;

50

(c)  XL Portfolio transferred approximately $1,900,000 to accounts held by "BNP Paribas

Bank & Trust Cayman – as Custodian for Ontario Partners, Ltd." in order to effectuate share

redemptions of $600,000 requested on or about April 30, 2007, $600,000 requested on or about

October 31, 2007 and $700,000 requested on or about March 31, 2008 and that XL Portfolio also

transferred approximately $600,000 to an account held by "BNP Paribas Bank & Trust Cayman

as Custodian for Ontario Partners, Ltd." in order to effectuate a share redemption of $700,000

requested on or about March 31, 2018.

The BNPP Defendants aver that the remaining allegations of Paragraph 425 relate to

claims that have been dismissed with prejudice pursuant to the Court's October 17 Order and

therefore require no response, but to the extent a response is required, the BNPP Defendants

deny the remaining allegations of Paragraph 425.

426.    The BNPP Defendants aver that the allegations of Paragraph 426 relate to claims

that have been dismissed with prejudice pursuant to the Court's October 17 Order and therefore

require no response, but to the extent a response is required, the BNPP Defendants deny the

allegations of Paragraph 426.

427.    The BNPP Defendants aver that the allegations of Paragraph 427 state legal

conclusions as to which no response is required, but to the extent a response is required, the

BNPP Defendants deny the allegations of Paragraph 427.

428.    The BNPP Defendants aver that the allegations of Paragraph 428 state legal

conclusions as to which no response is required, but to the extent a response is required, the

BNPP Defendants deny the allegations of Paragraph 428.

## COUNT TWO

**RECOVERY
FROM DEFENDANT BNP PARIBAS ARBITRAGE
UNDER 11 U.S.C. §§ 105(a) AND 550(a)**

429.     The BNPP Defendants incorporate by reference their responses to the allegations contained in each of the previous paragraphs of the Amended Complaint as if fully rewritten herein.

430.     The BNPP Defendants aver that the allegations of Paragraph 430 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 430.

431.     The BNPP Defendants admit that XL Portfolio transferred approximately $6,452,906 to an account held by "BNP Paribas Arbitrage SNC #178," aver that those allegations of Paragraph 431 which relate exclusively to claims that have been dismissed with prejudice pursuant to the October 17 Order require no response, and otherwise deny the allegations of Paragraph 431.

432.     The BNPP Defendants admit that XL Portfolio transferred approximately $6,452,906 to an account held by "BNP Paribas Arbitrage SNC #178," aver that those allegations of Paragraph 432 which relate exclusively to claims that have been dismissed with prejudice pursuant to the Court's October 17 Order require no response, and otherwise deny the allegations of Paragraph 432.

433.     The BNPP Defendants aver that the allegations of Paragraph 433 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 433.

434.    The BNPP Defendants aver that the allegations of Paragraph 434 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 434.

## COUNT THREE

### RECOVERY FROM BNP PARIBAS
### UNDER 11 U.S.C. §§ 105(a) AND 550(a)

435.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 435 are moot and require no response.

436.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 436 are moot and require no response.

437.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 437 are moot and require no response.

438.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 438 are moot and require no response.

439.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 439 are moot and require no response.

440.    The BNPP Defendants aver that in light of the October 17 Order, the allegations of Paragraph 440 are moot and require no response.

## COUNT FOUR

### RECOVERY
### FROM BNP PARIBAS SECURITIES SERVICES
### UNDER 11 U.S.C. §§ 105(a) AND 550(a)

441.    The BNPP Defendants incorporate by reference their responses to the allegations contained in each of the previous paragraphs of the Amended Complaint as if fully rewritten herein.

442.    The BNPP Defendants aver that the allegations of Paragraph 442 state legal conclusions as to which no response is required, but to the extent a response is required, Defendants deny the allegations of Paragraph 442.

443.    The BNPP Defendants admit that:

(a)  Portfolio Limited Fund transferred $2,000,000 to an account held by "BNP Paribas Securities Services Luxembourg A/C Tauern Absolute" in order to effectuate a share redemption of $2,000,000 requested on April 30, 2007.

(b)  Portfolio Limited Fund transferred $1,097,994 to an account held by "BNP Paribas Securities Services Luxembourg A/C Tauern" in order to effectuate a share redemption of the shareholder's full position in Class B shares of Portfolio Limited Fund, requested on November 29, 2007.

The BNPP Defendants aver that the remaining allegations of Paragraph 443 relate to claims that have been dismissed with prejudice pursuant to the Court's October 17 Order and therefore require no response, but to the extent a response is required, the BNPP Defendants deny the remaining allegations of Paragraph 443.

444.    The BNPP Defendants aver that the allegations of Paragraph 444 state legal conclusions as to which no response is required, but to the extent a response is required, the BNPP Defendants deny the allegations of Paragraph 444.

445.    The BNPP Defendants aver that the allegations set forth in Paragraph 445 relate exclusively to claims that have been dismissed with prejudice pursuant to the September 13 Stipulated Order and therefore require no response.

446.    The BNPP Defendants aver that the allegations of Paragraph 446 state legal

conclusions as to which no response is required, but to the extent a response is required, the

BNPP Defendants deny the allegations of Paragraph 446.

## RESPONSE TO REQUEST FOR RELIEF

The BNPP Defendants deny that the Trustee is entitled to his requested judgment in favor of the Trustee and against Defendants.

## DEFENSES

The BNPP Defendants assert the following defenses and further reserve and assert all defenses available under applicable federal or state law, including the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice Law and Local Rules, and reserve the right to amend their Answer to assert other defenses, cross-claims, and third party claims when and if such defenses become appropriate in this action.

Assertion by the BNPP Defendants of any defense(s) shall not be deemed a concession that Defendants bear the burden of proof with respect to any of them.

### First Defense

The Amended Complaint, and each and every claim stated therein against the BNPP Defendants, fails to state a claim upon which relief, either legal or equitable, can be granted.

### Second Defense

The Trustee's claims are barred to the extent they have been dismissed by the Court or are based on allegations that have been dismissed by the Court.

**Third Defense**

If and to the extent the BNPP Defendants received funds that had been transferred from BLMIS to the BLMIS Feeder Funds, the BNPP Defendants took for value, in good faith, and without knowledge of the voidability of the transfers, for purposes of 11 U.S.C. § 550(b).

**Fourth Defense**

The alleged initial transfers may not be avoided because the alleged initial transferees, and/or any predecessor subsequent transferee, took for value, in good faith, and without knowledge of the voidability of the transfers, pursuant to 11 U.S.C. § 550(b).

**Fifth Defense**

The alleged initial transfers may not be avoided because the initial transferees took for value and in good faith to the debtor in exchange for such transfers, pursuant to of 11 U.S.C. § 548(c).

**Sixth Defense**

The alleged initial transfers may not be avoided because they were not made with actual intent to defraud and were settlement payments made by or to (or for the benefit of) a financial institution or financial participant or were transfers made by or to (or for the benefit of) a financial institution or financial participant in connection with a securities contract or forward contract, pursuant to 11 U.S.C. § 546(e).

### Seventh Defense

The alleged initial transfers may not be avoided because they were not made with actual intent to defraud and were transfers made by or to (or for the benefit of) a swap participant or financial participant under or in connection with a swap agreement and were made before the commencement of the case, pursuant to 11 U.S.C. § 546(g).

### Eighth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 547 because they were intended by BLMIS and the alleged initial transferee to be contemporaneous exchanges of new value given to BLMIS and were in fact substantially contemporaneous exchanges of new value, within the meaning of 11 U.S.C. § 547(c)(1).

### Ninth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 547 because they were made on account of a debt or debts incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the alleged initial transferee and in accordance to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

### Tenth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 547 because they were made by BLMIS to or for the benefit of the alleged initial transferee and after such transfers, the alleged initial transferee gave new value to or for the benefit of BLMIS that was not secured by an otherwise unavoidable security interest and on account of which new value BLMIS did make

an otherwise unavoidable transfer to or for the benefit of the alleged initial transferee, within the meaning of 11 U.S.C. § 547(c)(4).

### Eleventh Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 544 because they are not voidable under applicable law.

### Twelfth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 544 because they are barred by equitable principles, including the unclean hands of any creditor who held or holds claims against BLMIS that were and are allowable under 11 U.S.C. § 502 or that were and are not allowable only under 11 U.S.C. § 502(e).

### Thirteenth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 548(a)(1)(A) because the debtor did not make the transfers with actual intent to hinder, delay, or defraud.

### Fourteenth Defense

The alleged initial transfers may not be avoided under 11 U.S.C. § 548(a)(1)(B) because the debtor did not receive less than a reasonably equivalent value in exchange for such transfer and obligation and nor fulfilled any of the criteria of 11 U.S.C. § 548(a)(1)(B)(ii).

**Fifteenth Defense**

To the extent the Trustee seeks to recover transfers from the BNPP Defendants that he has already recovered from other transferees, the "single satisfaction rule" of 11 U.S.C. § 550(d) bars recovery from the BNPP Defendants.

**Sixteenth Defense**

The Court may not exercise personal jurisdiction over any of the BNPP Defendants.

**Seventeenth Defense**

The action should be dismissed on grounds of *forum non conveniens*.

**Eighteenth Defense**

The claims alleged in the Amended Complaint are brought in excess of time permitted by law and therefore barred by the applicable statutes of limitations.

**Nineteenth Defense**

The claims are barred as untimely under Section 546(a) of the Bankruptcy Code.

**Twentieth Defense**

The Trustee lacks standing and/or capacity to bring any claims against the BNPP Defendants.

### Twenty-first Defense

The Trustee's claims should be barred, in whole or in part, because bringing this action against the BNPP Defendants, victims of the Madoff fraud, constitutes an abuse of his discretion and is unconscionable and in violation of public policy.

### Twenty-second Defense

The Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

### Twenty-third Defense

The Trustee may not recover attorney's fees from any of the BNPP Defendants under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such attorneys' fees are not a "transfer" as provided in Section 544 or 550 of the Bankruptcy Code.

### Twenty-fourth Defense

Claims seeking to recover transfers to the BNPP Defendants from Portfolio Limited and XL Portfolio should be dismissed due to international comity considerations because these two BLMIS Feeder Funds were incorporated in the Cayman Islands and therefore subject to liquidation proceedings in that state.

### Twenty-fifth Defense

The Trustee may not recover transfers from the Tremont Funds to the BNPP Defendants because this would require an impermissibly extraterritorial application of the Bankruptcy Code.

Dated: New York, New York
       January 17, 2019

                              Respectfully submitted,

                              **CLEARY GOTTLIEB STEEN & HAMILTON
                              LLP**


                              By: /s/ Ari D. MacKinnon_____  _____

                              Breon S. Peace
                              Ari D. MacKinnon
                              Thomas S. Kessler

                              One Liberty Plaza
                              New York, New York 10006
                              Telephone: 212-225-2000
                              Facsimile: 212-225-3999

                              *Attorneys for the BNP Paribas Arbitrage SNC,
                              BNP Paribas Bank & Trust (Cayman) Limited, and
                              BNP Paribas Securities Services S.A.*