**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-01789 (LGB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br>v.<br><br>BNP PARIBAS ARBITRAGE SNC, BNP PARIBAS BANK & TRUST CAYMAN LIMITED, and BNP PARIBAS S.A.,<br><br>Defendants. | Adv. Pro. No. 12-01576 (LGB) |

**AMENDED CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, and defendants BNP Paribas Arbitrage SNC (n/k/a BNP Paribas Financial Markets), BNP Paribas

Bank & Trust Cayman Limited, and BNP Paribas S.A. ("Defendants," and together with the Trustee, the "Parties," and each individually, a "Party"), hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

1. Relevant Procedural History.

a. On May 4, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York by filing a complaint against Defendants and BNP Paribas (Suisse) S.A., BNP Paribas Bank & Trust (Canada), BGL BNP Paribas Luxembourg S.A., BNP Paribas Securities Services – Succursale de Luxembourg, and BNP Paribas Securities Services S.A. *Picard v. BNP Paribas S.A., et al.*, Adv. Pro. No. 12-01576 (Bankr. S.D.N.Y. May 4, 2012), ECF No. 1.

b. On May 26, 2023, the Trustee filed a Second Amended Complaint ("SAC") against Defendants, BGL BNP Paribas S.A., and BNP Paribas (Suisse) S.A. *Id.*, ECF No. 191.

c. On July 24, 2023, Defendants, BGL BNP Paribas S.A., and BNP Paribas (Suisse) S.A. filed their motion to dismiss the Trustee's SAC. *Id.*, ECF No. 198.

d. On June 4, 2024, the Court issued a memorandum decision granting in part and denying in part the motion to dismiss the Trustee's SAC. *Id.*, ECF No. 226.

e. On June 21, 2024, the Court issued its Order granting in part and denying in part the motion to dismiss the SAC. *Id.*, ECF No. 233.

f. On July 16, 2024, the Court so-ordered the Parties' stipulation to dismiss with prejudice BGL BNP Paribas S.A. and BNP Paribas (Suisse) S.A. *Id.*, ECF No. 234.

g. On September 4, 2024, Defendants answered the SAC. *Id.*, ECF No. 235.

h. On November 1, 2024, the Court entered a case management plan in this action. *Id.*, ECF No. 236.

i. On May 14, 2026, Defendants amended their answer to the SAC. *Id.*, ECF No. 254.

2. Fact Discovery Plan.

a. Fact Discovery Cut-Off. Unless ordered by the Bankruptcy Court, all fact discovery is to be completed by December 1, 2026 (the "Fact Discovery Cut-Off Date").

b. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

c. Foreign Discovery. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants. To obtain discovery from individuals and entities outside of the United States, the Trustee will comply with the relevant rules of the applicable jurisdiction(s), the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Federal Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules, with all Parties' rights and defenses with respect to any such discovery expressly preserved. To the extent that responses to International Discovery are not received or any deposition/examination has not occurred by the Fact Discovery Cut-Off Date, the Parties may seek reasonable extensions of the deadlines set forth

herein. Defendants reserve all rights and do not waive any arguments as to how discovery should be conducted with respect to current employees of Defendants.

d. Form of Certain Discovery. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable rules (including the Federal Rules), and all applicable orders, including the Litigation Protective Order ("LPO"), *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137, the Order Modifying the LPO, *id.*, ECF No. 5474, the Order Establishing Procedures for Third-Party Data Rooms, *id.*, ECF No. 5475-1, the Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order, *id.*, ECF No. 3141, and the Order Establishing Expanded Access to Electronic Data Room 1, *id.*, No. 4624.

e. Document Requests. The Parties shall substantially complete their document productions by September 30, 2026.

f. Interrogatories. The Parties may serve interrogatories in accordance with the rules and limitations articulated in Local Rule 7033-1, provided they are served at least 30 days before the Fact Discovery Cut-Off Date.

g. Requests for Admission. The Parties may serve requests for admission on or before 30 days of the Fact Discovery Cut-Off Date. The Parties may serve Requests for Admissions relating to authentication and admissibility of documents at any time before the Fact Discovery Cut-Off Date.

h. Limitations on Discovery. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Bankruptcy

Rules, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

i. Redaction Protocol. BNP Paribas Arbitrage SNC and BNP Paribas S.A., as French entities, are subject to French law, various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, Defendants maintain that, to avoid potentially resolvable clashes of French and U.S. law, the Parties should agree to a redaction protocol. Other potential sources of discoverable information may similarly be limited by the laws in their respective jurisdictions. As such, Defendants maintain that the Parties should agree to additional jurisdiction-specific redaction protocols where appropriate and necessary to avoid potentially resolvable conflicts of law. The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

j. Inadvertent Production of Privileged Materials. The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k. Depositions.

i. All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.

ii. The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to the main proceeding, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (LGB) (the "Avoidance Action(s)") that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven-hour time limit as appropriate, and failing agreement, either Party may apply to the Court for an extension of this time limit.

iii. To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action in which fact discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under

the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties.

iv. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the Parties shall attempt in good faith to agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

v. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. The Parties also agree to meet and confer about the scheduling and logistics of any depositions prior to the service of any deposition notices.

vi. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

vii. Absent an agreement among the Parties, all depositions of the Parties' respective expert witnesses shall be conducted at the New York offices of the Party that has retained such expert, or such other location as the Parties may agree. Absent a showing of good cause or an agreement among the Parties, depositions of current or former employees and agents of Defendants shall be taken in a location convenient to the witness.

3. Expert Discovery Plan. Within 30 days after the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action within 14 days after the meet-and-confer.

4. Manner of Production of Discovery Materials. The Parties may produce discovery, including initial disclosures, on a CD-ROM, flash drive, portable hard drive, secure or encrypted file transfer, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonable and practicable:

a. be text searchable;

b. provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or, in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee; and

e. provide additional formats of production, metadata, or native documents agreed or reasonably requested by the Parties prior to the making of their respective productions, or, to the extent reasonably requested after a production has already been made (in compliance with the above), to the extent reasonable and not unduly burdensome.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute regarding the manner, process, or format of production of any discovery materials, and absent

resolution of any such dispute by agreement will comply with Local Rule 7007-1 to resolve the dispute.

5. Confidentiality. The LPO, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137, as modified by the Order Modifying the June 6, 2011 LPO, *id.*, ECF No. 5474, shall govern the disclosure of confidential information in this proceeding.

6. Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action. The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

7. Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled. The Parties believe that it is premature to schedule a settlement conference with the Court at this time.

8. Discovery Arbitrator. The Parties may agree to the use of a discovery arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, including as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Oct. 4, 2016), ECF No. 14227, provided, however, notwithstanding any provision to the contrary in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9091(c) and General Order M-390, the Parties agree to split all arbitration fees and expenses equally.

9. Summary Judgment and Trial. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule motions for summary judgment

and a final pretrial conference and trial date.[1] This section is without prejudice to the rights of any Party to seek leave to file a motion for summary judgment as to any claim or defense, or any part of any claim or defense, prior to the conclusion of discovery, as provided in Federal Rule 56.

[*Signatures on following page*]

[1] Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

Date: September 8, 2026
New York, New York

By: /s/ Torello H. Calvani

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

By: /s/ John Gueli

**ALLEN OVERY SHEARMAN STERLING US LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Adam S. Hakki
Email: adam.hakki@aoshearman.com
John Gueli
Email: jgueli@aoshearman.com
Grace J. Lee
Email: grace.lee@aoshearman.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Roger A. Cooper
Email: racooper@cgsh.com
Ari D. MacKinnon
Email: amackinnon@cgsh.com
Thomas S. Kessler
Email: tkessler@cgsh.com

*Attorneys for Defendants BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust Cayman Limited, and BNP Paribas S.A.*

**SO ORDERED.**

**DATED: September 8, 2026**
**NEW YORK, NEW YORK**

***/s/ Lisa G. Beckerman***
**HONORABLE LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**